IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN ROBERSON, a minor, by and through his mother and next friend, ANGELA ROBERSON, <br><br>  Plaintiff, <br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, and NOVARTIS PHARMACEUTICALS CORPORATION D/B/A CIBA PHARMACEUTICALS, formerly known as SANDOZ INC. and/or SANDOZ PHARMACEUTICALS CORPORATION, <br><br> Defendant. | Case No. 11 C 2035 <br> Hon. George W. Lindberg |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Novartis Pharmaceuticals Corporation's ("Novartis") motion to dismiss minor plaintiff Justin Roberson's ("Roberson") complaint. Roberson's claims stem from his use of Trileptal, a prescription antiepileptic medication. Roberson claims that his prescription use of Trileptal caused a skin reaction known as Stevens-Johnson Syndrome ("SJS"). The complaint alleges claims for strict products liability (Count I), breach of express warranty (Count II), negligence (Count III), misrepresentation by omission (Count IV), negligence *per se* (Count V), negligent misrepresentation (Count VI), fraud and misrepresentation (Count VII), fraud by concealment (Count VIII), violation of consumer protection laws (Count IX), and breach of implied warranties (Count X). As set froth more fully below, the motion to dismiss is granted as to Count V and denied as to the other nine counts.

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Roberson's complaint must provide grounds for entitlement to relief that are

more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). A formulaic recitation of the elements of a cause of action will not suffice. *Id.* Instead, Roberson's factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in Roberson's favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir.2007).

For the most part, Novartis' motion to dismiss ignores the notice pleading standard applicable to Roberson's complaint and makes arguments that would be more appropriate in a motion for summary judgment. The crux of Novartis' motion is that Roberson cannot state a strict products liability claim because of the language in the Trileptal labeling. The content of the Trileptal label is a question of fact. Roberson's complaint states that the labeling was insufficient and lacked proper warnings. The Court takes those statements as true for purposes of the instant motion. Those statements may turn out to be false as Novartis claims, however, the Court cannot make factual determinations at this stage of the case.

*Strict Products Liability (Count I)*

As stated above, Novartis' arguments in support of its motion to dismiss Roberson's strict liability claim go to the merits of the claim, not the sufficiency of the pleadings. Merits arguments are premature, thus the motion to dismiss is denied as to Count 1.

*Breach of Express and Implied Warranty Claims (Counts II and X)*

Novartis argues that Roberson's breach of express warranty claim should be dismissed

2

because the complaint does not identify the explicit terms of the alleged express warranty or attach a copy of the alleged warranty. In support of that statement, Novartis cites to *Board of Education v. A, C and S, Inc.*, 546 N.E.2d 580, 595 (Ill. 1989). The Illinois Supreme Court's statements in *A, C, and S* stem from Illinois' fact pleading requirements. "As a federal court sitting in diversity by virtue of jurisdiction pursuant to 28 U.S.C. § 1332, we apply state law to resolve substantive questions and federal law to resolve procedure and evidentiary issues." *Harper v. Vigilent Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Accordingly, in pleading his warranty claims, Roberson is only required to meet federal notice pleading standards, not the more stringent Illinois fact pleading standards. "[F]ederal courts, unlike Illinois state courts, do not require that critical documents be attached to the complaint." *Arnold v. Janssen Pharmaceuticals, Inc.*, 215 F.Supp.2d 951, 962 (N.D. Ill. 2002).

Roberson's statement that Novartis warranted that Trileptal was safe and effective is sufficient to put Novartis on notice of his express warranty claim and raises his right to relief above the speculative level. Novartis' argument that there was in fact no express warranty between it and Roberson goes to the merits of the breach of express warranty claim and is not appropriate at this stage of the case. For these reasons, the motion to dismiss is denied as to Count II. For similar reasons, Novartis' motion is denied as to Roberson's claim for breach of implied warranties (Count X).

*Common Law Negligence Claim (Count III)*

Novartis does not specifically address Roberson's common law negligence claim in its motion to dismiss. Accordingly, the motion to dismiss is denied as to Count III.

3

*Fraud Claims (Counts IV, VII, VIII, and IX)*

Novartis moves to dismiss Roberson's common law and statutory fraud claims pursuant to Rule 9, arguing that those claims are not plead with the requisite particularity. The Court disagrees. Roberson has sufficiently alleged that Novartis misrepresented the safety and effectiveness of Trileptal at the time he was prescribed the drug. Those allegations are sufficient to satisfy the requirements of Rule 9.

As to the fraudulent concealment claim, a determination about whether Novartis' duty of disclosure applied to Roberson or to his prescribing physician is a question of fact. As the Court stated above, fact questions are more appropriately raised in motions for summary judgment and cannot provide the basis for granting a motion to dismiss. Therefore, the motion to dismiss is denied as to Counts IV, VII, VIII and IX.

*Negligence Per Se (Count V)*

The negligence *per se* claim is dismissed because Roberson failed to identify a specific statute in the complaint that Novartis allegedly violated. In his response brief, Roberson argues that his negligence *per se* claim stems from Novartis' violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). The ICFA is not a strict liability statute. Accordingly, it cannot provide the basis for a negligence *per se* claim. *See Watseka Farmers Grain Coop. Co. v. FC Stone Group, Inc.*, 2006 WL 3743112 at 6 (C.D. Ill. Dec. 15, 2006) (citing *Test Drilling Services Co. v. Hanor Co.*, 322 F.Supp.2d 957, 963 (C.D.Ill. 2003)). Therefore, the motion to dismiss is granted as to Count V.

*Misrepresentation Claims (Counts VI and VII)*

Novartis moves to dismiss the misrepresentation claims, arguing that it is not in the

4

business of supplying information and thus cannot be liable for misrepresentations. Again, whether Novartis is in the business of supplying information is a factual determination that is not appropriate for the Court to make when resolving a motion to dismiss, thus the motion is denied as to Counts VI and VII.

In summary, the motion to dismiss is granted as to Count V, Roberson's claim for negligence *per se,* and denied as to the other nine counts.

**ORDERED:** Defendant Novartis Pharmaceuticals Corporation's Motion to Dismiss Plaintiff's Complaint [9] is granted as to the negligence *per se* claim (Count V) and denied as to the remaining nine claims. Defendant's answer to the complaint is due May 11, 2011. Status hearing set for May 25, 2011 at 10:00 a.m. stands.

Signed: _____
George W. Lindberg
Senior U.S. District Court Judge

Dated: May 5, 2011